Marvin, J.
On the 26th of January, 1898, the O. S. Ransom Company, a corporation made, a general assignment to M. P. Mooney, in trust for the benefit of its creditors; said deed of assignment was filed on the same day in the court of insolvency. Mooney qualified as such assignee. On the same day, at an earlier hour, said corporation executed two chattel mortgages upon its property, each of which was filed with the proper officer before the filing of the deed of assignment.
Prior to the 6th day of June, 1898, the assignee sold the mortgaged property and held in his hands the money arising from such sale.
On said last named day, the assignee filed in said court of insolvency, a motion, verified by his affiant, praying for an order authorizing him to pay to the several mortgagees, named in said mortgages, the amounts respectively, shown by said mortgagees to be owing to them, by the mortgagor. This motion was heard by the court on the 7th day of June, 1898, and granted:
The defendant in error, is, by assignment of certain claims, held by unsecured creditors of said the C. S. Ransom Company, now a creditor of said corporation.
Neither he nor those whose claims have been assigned to him, had notice of the motion for the payment of these mortgage liens, though attorneys representing, some of the other creditors of the insolvent, had such notice.
The predecessors of the defendant in error, in the ownership of the claims now owned by him, had knowledge of the assignment of the corporation to Mooney shortly after the same was made.
So far as appears the claims now held by the defendant in error, had not been presented to the assignee for allowance, at the time the order was made for the payment of the claims secured by the chattel mortgages.
On the 29th day of June, 1898, the defendant in error filed his motion, verified by his affiant, asking that the order so made on the 7th day of June, 1898, should be set aside. That motion sets forth that he is a creditor of the corporation, that the several claims held by him are wholly unsecured; that, if the claims represented by the chattel mort *329 gages should be paid in accordance with said order of the court made on the 7th day of June, no assets will be left with which to pay the unsecured claims; and that the chattel mortgages are invalid,and that they were each given by this corporation to secure a pre-existing debt, on the eve of making an assignment.
This motion, on hearing by the court, was overruled, and the present defendant in error prosecuted error by proper proceedings in the court of common pleas, to the action of the court of insolvency in overruling his said motion,
On hearing in the court of common pleas, the order last named of the court of insolvency, was reversed, and the plaintiff in error brings this case here seeking to reverse the judgment of the reversal so made' by the court of common pleas. On the part of the present plaintiff in error it is insisted that the court of insolvency was right; that it was a matter of discretion with that court, whether or not its former order should be set aside, so as to give an opportunity for a rehearing on the motion of the assignee for authority to pay off the mortgage debts, and that there was no abuse of such discretion justifying a reversal.
It is further urged that as a period of three weeks elapsed between the making of the order complained of and the filing of the motion to re-open, there was such laches on the part of Fogg as to justify the court in overruling his motion.
Further, it is said that as attorneys for some of the unsecured creditors of the insolvent, had notice of the assignee’s motion, it is to be presumed that they made such opposition to the granting of the order asked for by the assignee as could have been made by Fogg if he had been present,
Further, that the time from the filing of the assignment January 26th to June 7th, was such that if Fogg, or those whose claims he had become the owner of, as they had notice of the assignment, should, if they desired to oppose the payment of these mortgage debts, have presented their claims to the assignee, so that he would, at least, have notice that they had an interest in the distribution of the funds arising out of the sale of the assigned property.
Section 6352, Revised Statutes, provides that creditors of the assignor shall present their claims to the assignee with *330 in six months after notice of the assignment shall have been published, and we are of opinion that no creditor should be held to have lost any rights on account of his failure to present his claim earlier than is provided by this statute.
“ Section 6356, Revised Statutes, provides for the filing, by the assignee, of an account of all his doings, under the assignment, and for the filing of exceptions to such account and report, by all parties having an interest in the assignment. Until the filing of such account, nojprovision is made by statute, whereby all parties may have a day in court. And it seems manifestly unjust that money in which the creditors all have an interest, should be applied to the payment of particular claims, in advance of an opportunity for all parties to be heard;
In the case of Sayler v. Simpson, 45 Ohio St., 141, the second paragraph of the syllabus reads:
“On application in that court” (the probate court, for which in this county, in the matter of assignments, the court of insolvency is substituted) “by the mortgagees, for the payment of their mortgages out of such fund, the unsecured creditors of the assignor may intervene and contest their right to such payment.”
And in the same opinion, in the same case, at page 149, this language is used:
“The unsecured creditors are parties in interest adverse to such mortgage claimants, and although the assignee may defend in their behalf, there is no good reason why they may not themselves do so. ”
That this reasoning is sound can not be denied, and surely, without notice to them, such creditors could not appear and defend.
The opinion of Judge Haynes of the cicruit court, in seventh circuit, in the case of Sylvester v. Hesslein, found in 5th Circuit Court Reports as, at page 256, is exactly in point, and seems to us a true statement of the law, This language is used in that opinion:
“We had this question up in a case that was very closely contested in Sandusky county, where the assignee had taken the stock of goods, sold it. and appropriated the money among the mortgagees, immediately after, with the approval of the court. We held that it was the plain and impera *331 tive duty of the assignee, under the statute, to have held the proceeds of the property until eight months had expired, there being no right of the creditors before that time to except to claims made, so that they should have had an opportunity at that time to have excepted if they chose to, both in regard to the distribution of the proceeds or payment of the liens. ”
Meyer & Mooney, for Plaintiff in Error.
Harold Remington, for Defendant in Error.
We hold that the court of insolvency at the time it made the order for the payment of the mortgage debts, was without jurisdiction to make such order. Either the court should have made no order on this subject until the expiration of the time fixed for the filing of the assignee’s account, thus giving an opportunity for all parties interested in the disposition of the funds to be heard. Or it should have made no order until all parties interested had actual notice of the application, and an opportunity to contest the making of the order, if they so desired.
The result is that the judgment of the court of common pleas reversing the judgment of the court of insolvency is affirmed.